JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-08028-RGK-RAO | Date | September 24, 2026 |
| Title | ***Anthony Bell v. Greyhound Lines, Inc. et al.*** | | |

Present: The Honorable R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| | | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings: (IN CHAMBERS) Order Re: Plaintiff's Motion for Remand [13]**

## I. INTRODUCTION

On May 22, 2026, Anthony Bell ("Plaintiff") filed a Complaint in Los Angeles Superior Court ("State Court") against Greyhound Lines, Inc. and Flix North America, Inc. ("Defendants"). Plaintiff alleged nine claims: (1) violation of the Unruh Civil Rights Act, California Civil Code § 51 et seq. ("Unruh Act"); (2) violation of the California Disabled Persons Act, Civil Code § 54.1 ("CDPA"); (3) violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"); (4) negligence; (5) negligent training, supervision, and retention; (6) breach of common carrier duties; (7) intentional infliction of emotional distress ("IIED"); (8) negligent infliction of emotional distress ("NIED"); and (9) ratification, agency, apparent agency, and non-delegable duty liability. (ECF No. 1-1.) On July 22, 2026, Defendants removed the action to this Court. (ECF No. 1.)

Presently before the Court is Plaintiff's Motion to Remand. (ECF No. 13.) Plaintiff requests that the Court determine whether diversity jurisdiction is established and if it is not established, grant leave to amend the Complaint to withdraw his federal question claim under the ADA, thereby giving the Court grounds to remand the action.

For the following reasons, the court **GRANTS** Plaintiff leave to amend, **DISMISSES** the ADA claim, and **GRANTS** the Motion to Remand.

## II. FACTUAL BACKGROUND

Plaintiff brings nine claims for relief against Defendants arising from an alleged failure to provide disability-related accommodations in connection with third-party bus transportation. Plaintiff's transportation began in San Fernando, California, with a transfer through Los Angeles Union Station.

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-08028-RGK-RAO | Date | September 24, 2026 |
| Title | ***Anthony Bell v. Greyhound Lines, Inc. et al.*** | | |

(Opp'n to Mtn. to Remand at 2–3, ECF No. 19.) Plaintiff is a citizen of California and Defendants are citizens of Delaware and Texas. (*Id.*)

Plaintiff alleges that Defendants discriminated against him by failing to make reasonable modifications in policies, practices, or procedures, failing to provide effective disability accommodations, and failing to communicate accommodation needs to station and carrier personnel. (*Id.*) One of Plaintiff's claims arises under Title III of the ADA, 42 U.S.C. § 12181 et seq. (*Id.*)

## III. JUDICIAL STANDARD

A motion to remand is governed by 28 U.S.C. § 1447(c), which permits remand where the removing party has failed to establish that the district court has subject matter jurisdiction over the action. The party invoking federal jurisdiction has the burden to establish that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal subject matter jurisdiction may be established under 28 U.S.C. § 1331, which grants jurisdiction over civil actions arising under federal law. It may also be established under 28 U.S.C. § 1332 which requires complete diversity of citizenship between all plaintiffs and all defendants and an amount-in-controversy ("AIC") exceeding $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

Leave to amend a pleading is governed by Federal Rule of Civil Procedure 15(a)(2). Leave should be given when justice so requires, and the Ninth Circuit has instructed that this standard should be applied with extreme liberality. Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003). This liberality creates a strong presumption in favor of granting leave, and the party opposing amendment bears the burden of demonstrating why leave should not be granted. *Eminence Capital*, 316 F.3d at 1051. In deciding whether to grant leave, courts consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## IV. DISCUSSION

Plaintiff challenges diversity jurisdiction. Plaintiff also requests leave to amend to withdraw the ADA claim, contingent first on the Courts determination of diversity jurisdiction.

### A. Federal Question Jurisdiction

The Court and both parties recognize that Plaintiff's Complaint includes a claim arising under the ADA, 42 U.S.C. § 12181 et seq. Since the ADA is a federal statute, a claim brought under it satisfies § 1331. Thus, there appears to be subject matter jurisdiction over Plaintiff's Complaint in its current

form.

**B. <u>Diversity Jurisdiction and Request for Leave to Amend</u>**

The Court turns to Plaintiff's request that the Court determine whether Defendants have established diversity jurisdiction and, if not, grant Plaintiff leave to amend the Complaint to withdraw the ADA claim, thereby giving basis to remand the action. (Mtn. Remand at 2.) The Court addresses whether: (1) to consider Plaintiff's request to determine complete diversity; (2) complete diversity is met; and (3) leave to amend should be granted. The Court finds each consideration favors Plaintiff and therefore **GRANTS** Plaintiff's request for leave to amend and **DISMISSES** the ADA claim.

*1. <u>Plaintiff's Request for Court to Analyze Diversity Jurisdiction</u>*

A federal court has an obligation to assess any jurisdictional basis properly before it, at any stage of the proceeding. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); Fed. R. Civ. P. 12(h)(3). A defendant who invokes a particular basis for jurisdiction in its notice of removal is on notice that the basis may be tested and bears the burden of proving it once the plaintiff's motion expressly and affirmatively contests it. 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–88 (2014). Furthermore, courts must refrain from deciding abstract or hypothetical controversies and from rendering impermissible advisory opinions with respect to such controversies. *Earth Island Inst. v. Ruthenbeck*, 459 F.3d 954, 961–62 (9th Cir. 2006) (finding facial challenges to regulations not yet applied to any concrete dispute were not ripe for judicial review).

Here, analyzing diversity is not a hypothetical exercise. Unlike in *Earth Island Institute*, where the challenged regulations had not yet been applied to any concrete dispute, diversity jurisdiction here is a presently contested matter raised by Plaintiff. Defendants removed this action pursuant to § 1331 and § 1332 (Notice Removal at 4–9), and Plaintiff's Motion to Remand directly contests the § 1332 diversity jurisdiction basis. (Mtn. Remand at 2.) Defendants' opposition addressed only § 1331, arguing that the independently sufficient ADA claim relieved them of any need to respond to the § 1332 challenge. (Opp'n to Mtn. to Remand at 6–7.) While the Court acknowledges federal question jurisdiction over the Complaint in its current form, that finding does not relieve Defendants of their obligation to defend the § 1332 basis, which Plaintiff directly challenges. In addition, Plaintiff's request for leave to amend is proper even if it is conditioned on the Court's diversity determination.

Courts have inherent power to control their docket with an eye toward economy of time and effort for the court, counsel, and litigants. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Courts favor resolving matters in a manner that conserves judicial resources and avoids unnecessary proceedings. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). This reflects the Federal Rules' own instruction to secure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-08028-RGK-RAO | Date | September 24, 2026 |
| Title | ***Anthony Bell v. Greyhound Lines, Inc. et al.*** | | |

Resolving diversity jurisdiction now rather than after granting Plaintiff leave to amend to remove the sole federal claim, serves the same efficiency. Deferring the question would only prolong the litigation, since the Court would still have to determine whether it possesses subject-matter jurisdiction once the amended Complaint is filed. Because diversity jurisdiction is legitimately contested and resolving it now avoids unnecessary delay, the Court addresses whether there is diversity jurisdiction before ruling on leave to amend.

*2. Diversity*

As stated above, diversity jurisdiction requires both (1) complete diversity of citizenship and (2) the matter in controversy to exceed the sum of $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a).

*a. Complete diversity*

Complete diversity requires that no Plaintiff share citizenship with any defendant. § 1332(a); *Strawbridge*, 7 U.S. at 267. Defendants sued under fictitious names are not relevant to considerations of diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

Here, the Plaintiff resides in California while both Defendants are citizens of Delaware and Texas. (Notice Removal at 5.) Does 1-50 inclusive are not factored into complete diversity. *(Id.)* Thus, complete diversity is satisfied.

*b. Amount in controversy*

When the removing defendant asserts the AIC in the notice of removal because the initial pleading does not demand a specific amount, the assertion only needs to be a "plausible allegation that the AIC exceeds the jurisdictional threshold." 28 U.S.C. § 1446(c)(2)(A); *Dart Cherokee*, 574 U.S. at 87. Once the plaintiff contests the AIC, the burden falls on the removing defendant to establish by a preponderance of the evidence, that the AIC exceeds the jurisdictional threshold. § 1446(c)(2)(B), *Dart Cherokee*, 574 U.S. at 87–88. Conclusory allegations as to the amount are insufficient to meet this burden. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). The defendant must come forward with summary-judgment type evidence establishing the actual value of the relief sought. *Id*.

The initial Complaint does not specify a monetary value. (*See generally* Compl.) In removing this action, Defendants asserted subject-matter jurisdiction under § 1332, alleging that the AIC exceeded $75,000. Plaintiff's Motion to Remand directly contests that assertion, arguing Defendants' basis for the $75,000 was vague and unfounded. (Mtn. Remand at 6–9.) It is therefore Defendants' burden to

establish by a preponderance of evidence that the AIC exceeds $75,000. Defendants' opposition did not address Plaintiff's challenge to the AIC. No further evidence was offered to support the $75,000 figure, and Defendants accordingly failed to meet their burden of proof.

Defendants' stated reason for not responding is that § 1331 independently supports subject matter jurisdiction. (Opp'n Motion to Remand at 4–5.) While true, that does not excuse Defendants from responding to Plaintiff's direct challenge to diversity jurisdiction. As established above, that challenge was not just a hypothetical contingency, but a present issue in the motion. Defendants had notice of Plaintiff's challenge to the AIC and chose not to respond.

Furthermore, the Court doubts Defendants would meet their burden to establish the AIC is greater than $75,000. The Notice of Removal is vague and asserts no specific dollar amount. (*See generally* Notice Removal.) While the Unruh Act provides a minimum of $4,000 per violation, Defendants identify no basis for concluding that a sufficient number of violations exist to reach the jurisdictional threshold. The value of the non-monetary relief sought is also speculative. For example, it is speculative to assume that the cost of implementing ADA compliant policies would exceed the jurisdictional threshold.

Accordingly, Defendants have failed to establish that the AIC is greater than $75,000. Therefore, Defendants have failed to establish diversity jurisdiction. The Court next turns to whether leave to amend should be granted.

*3. Leave to Amend*

The foregoing factors support granting leave to amend.

*a. Undue delay (Factor 1)*

Leave may be denied when the party requesting it has delayed seeking amendment without explanation, especially when the relevant facts were available earlier in the case. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Plaintiff filed his Motion to Remand within 30 days of removal. This falls at an early stage of litigation, well before discovery or any dispositive motion practice, and does not unreasonably disrupt the proceedings. This factor favors granting leave to amend.

*b. Bad faith or dilatory motive (Factor 2)*

Leave to amend may be denied where the request is made in bad faith or simply to stall the proceeding. *See Foman*, 371 U.S. at 182.

Plaintiff is seeking leave to amend in order to remand his case to state court. (Mtn. to Remand at 2.) This conduct is not bad faith, but simply a party seeking a preferable jurisdiction for its claim. Accordingly, this factor weighs towards granting leave.

*c. Repeated failure to cure deficiencies (Factor 3)*

A court may deny leave where the party has already amended before and failed to fix the previous problems identified. *See Foman*, 371 U.S. at 182.

Here, this would be the first amended complaint and thus this factor has minimal relevance. Plaintiff also has not failed to cure deficiencies. This factor favors granting leave.

*d. Undue prejudice to opposing party (Factor 4)*

Prejudice to opposing party is found where the amendment would force the opposing party to substantially have to rework its defense late in the case. *Solomon v. North American Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998). This factor is the most heavily weighted and can alone justify denial. *DCD Programs*, 833 F.2d at 186.

The prejudice on Defendants is minimal. Removing one claim does not drastically change Defendants' defense nor create further discovery burden. To the extent Defendants may point to the loss of a federal forum as prejudice, that is not the kind of harm *Solomon* addresses. The type of prejudice the court is concerned with is process based and not forum related. Therefore, this factor favors leave to amend.

*e. Futility (Factor 5)*

Leave may be denied if the amended pleading would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Here, the amended complaint would not add any new claims and would only remove the existing ADA claim. Defendants do not challenge whether Plaintiff's remaining claims are futile. This factor, like the others, weighs in favor of granting leave.

Leave to amend is accordingly **GRANTED**. As Plaintiff requests leave to dismiss the ADA claim, the ADA claim is accordingly **DISMISSED.**

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-08028-RGK-RAO | Date | September 24, 2026 |
| Title | ***Anthony Bell v. Greyhound Lines, Inc. et al.*** | | |

## V. CONCLUSION

The Court may procedurally grant leave to amend and order remand in a single ruling if remand under the proposed amended Complaint is appropriate. *See M.H. v. Montessori Sch. at Wash. Ave., Inc.*, 2022 WL 1516560, at *3–4 (N.D. Cal. May 13, 2022). This is consistent with the Supreme Court's instruction that, once a plaintiff amends after removal to eliminate the federal claim, jurisdiction is assessed based on the amended complaint rather than the original. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35–39 (2025).

The Court finds that diversity jurisdiction is not satisfied. Accordingly, the Court **GRANTS** Plaintiff's request for leave to amend to remove the ADA claim from this action and therefore **DISMISSES** the ADA claim. As the operative Complaint now is the original Complaint without the ADA claim, there is no longer federal question jurisdiction nor diversity jurisdiction. Thus, the Court **REMANDS** the action back to state court for lack of subject matter jurisdiction.

All deadlines and hearings on this Court's calendar are vacated. The Clerk shall close this case.

**IT IS SO ORDERED.**

**cc: LASC, 26LBCV01452**

______ : ______

Initials of Preparer JRE